## GEORGE SINCLAIR *v.* COMMONWEALTH.

**Criminal Law—Homicide—Instructions.**

Under an indictment for voluntary manslaughter, an instruction: "And they ought to find him guilty of murder," is erroneous in that they are to assume that the commission of a homicide, if willful and without legal justification or excuse, is murder, although it may have been but manslaughter, if done without malice.

**Same.**

An instruction: "If they believe from the evidence that N. made S. a proposition to fight a fair fight, and that S. accepted said proposition with the intention to take Neal's life, when he should thus become engaged, and did immediately afterwards, in pursuance of said deadly purpose, kill N. without being under reasonable appprehension of great bodily danger, growing out of threats, or from any other cause, they ought to find S. guilty of murder," is erroneous, there being no sufficient evidence of an acceptance, by S. of N.'s proposition to fight.

**Appeal and Error—Juror Excused—Criminal Procedure—Criminal Code, Section 340.**

Interposition by the court, to excuse a juror, drawn on a panel, for his personal convenience, or for refusal to grant a new trial for alleged bias and misconduct of one of the jury, does not constitute grounds for reversal of a judgment of conviction under section 340, Criminal Code.

APPEAL FROM SCOTT CIRCUIT COURT.

October 4, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellant, George Sinclair, indicted for the murder of James Neall was convicted of voluntary manslaughter, and sentenced to five years confinement in the penitentiary, and to reverse that judgment he now prosecutes this appeal.

The bill of exceptions questions the propriety of the action of the court in interposing to excuse a juror drawn on the panel, for his personal convenience, and also in refusing to grant a new trial for alleged bias and misconduct of one of the jury, but however sufficient these reasons should have been for vacating the judgment in the court below, they do not constitute any of the available grounds for reversing a judgment of conviction in this court. (Criminal Code, section 334.)

The instructions which were given to the jury, at the instance of the atorney for the Commonwealth, made, in their application to the facts, the principal questions to be determined by this court.

It appears from the evidence that the parties were together at a primary election where some disorder occurred between others, besides themselves, and an attempt was made to arrest a man named Fightmaster, who fled from the place, causing commotion and pursuit, and about the same time an altercation occurred between Neall and the prisoner, Neall accusing him of having caused the arrest of his father during the war, and slapping him in the face, and proposing to fight with him, and very shortly afterwards the prisoner rushed on Neall with a drawn knife and stabbed and killed him.

Upon these and other facts which the evidence conduced to prove the court instructed the jury in substance and effect:

1. "If the jury believe from the evidence that the defendant stabbed and killed Neall wilfully and without sufficient reason to believe that such killing was necessary to protect himself from great bodily harm, they ought to find him guilty of murder.

2. "If they believe from the evidence that at the time Sinclair struck the fatal blow, Neall had abandoned the assault, and manifested no intention to resume it, the previous provocation, if any, would not justify the killing, and they ought to find him guilty of murder.

3. "If they believe from the evidence that the defendant was urged by others to kill Neall, and would not have done so but for their counsel, he was no more excusable than if he had acted solely of his own free will, and if under such counsel he willfully took Neall's life without provocation in the first instruction mentioned, they ought to find him guilty of murder.

4. "If they believe from the evidence that Neall made Sinclair a proposition to fight a fair fight, and that Sinclair accepted said proposition with the intention to take Neall's life, when he should thus become engaged, and did immediately afterwards, in pursuance of said deadly purpose, kill Neall without being under apprehension of great bodily danger, growing out of threats, or from any other cause, they ought to find him guilty of murder."

Other instructions were given which not being deemed prejudicial to the defendant, need not be stated.

Considered with reference to the charge of murder, the first, second and third instructions are all liable to the objection that they assume that the commission of a homicide, if wilful and without legal justification or excuse, is murder, although it may have been but manslaughter if done without malice; and although those instructions relate to an aspect of
jury did not find against the defendant, they were nevertheless calculated to wrongfully impress the jury as to the legal import of the facts and magnitude of the offense, if any, which they conduced to establish.

As to the principal proposition embodied in the third instruction, to the effect that if the defendant acted wrongfully under the advice of others, the fact that he was so advised did not excuse him for killing Neall, we do not perceive that the court erred, although if by such counsel or advice he was deceived or misled as to any supposed danger to his life or person from Neall, the fact that he was so advised may have been competent evidence as conducing to mitigate his punishment, or to be considered with other facts and circumstances in determining the question of guilt; and the court, if asked, should have so instructed the jury.

The fourth and last instruction we have indicated, was, we think, misleading, there being no sufficient evidence of any acceptance, by the defendant of Neall's proposition to fight, to authorize such an instruction.

Wherefore the judgment is reversed, and the cause remanded for a new trial, with proceedings not inconsistent with this opinion.

*Robinson, Breckinridge, for appellant.*